**In re CONTINENTAL AIRLINES CORPORATION, et al., Debtors.**

**CONTINENTAL AIR LINES, INC., Texas International Airlines, Inc., Plaintiffs,**

**v.**

**AIR LINE PILOTS ASSOCIATION, International, Charles W. Hall, Frances Calvin Earley, Rolfe L. Munson, Thomas E. Martin, Harold M. Baurer, Michael Ripley and W.R. Jackson, Defendants.**

**Bankruptcy No. 83–04019–H2–5.
Adv. No. 83–2368–H3.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

May 8, 1984.

Michael J. Madigan, Walter S. Cowger, Linda Pence, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for plaintiffs.

Stanley Berman, James L. Linsey, Cohen, Weiss & Simon, New York City, for defendants.

## MEMORANDUM OPINION

T. GLOVER ROBERTS, Bankruptcy Judge.

This matter came on before the Court in the above adversary proceeding on the Motion of the Defendant, Air Line Pilots Association (ALPA), for a Stay of Discovery and for a Protective Order. In addition, or in the alternative, ALPA has requested the expansion of the Protective Order (copy appended) entered by Judge R.F. Wheless, Jr. of this Court on December 12, 1983. After proper notice to all named defendants, this matter was heard on May 2, 1984. For the reasons described below, the Motions of ALPA are denied.

**FACTS AND BACKGROUND**

On January 30, 1984, Continental Air Lines, Inc. and Texas International Airlines, Inc., Debtors in Possession (CAL) filed their First Amended Complaint in this Adversary Proceeding, CAL having filed its Chapter 11 Petition on September 24, 1983. That Complaint asserts certain causes of action against ALPA and several of its members under the Racketeer Influenced and Corrupt Organizations Act of 1970. This pleading was filed under seal by the Plaintiff in recognition of a Protective Order entered by this Court on December 12, 1983. CAL later moved to unseal that Complaint and to permit unsealed filing of future papers in this case.

CAL also filed a Motion to Produce with ALPA as Respondent therein. ALPA does not resist the Motion to Unseal the Complaint, except for paragraphs 39–41, inclusive, therein. With the exception of those paragraphs of the Complaint, that Motion was granted by Order of this Court dated May 2, 1984. However, ALPA countered with a Motion for Stay of Discovery and for a Protective Order. As to the latter item, ALPA seeks to extend the December 12, 1983 Protective Order, in ALPA's words, "which covered only depositions and documents produced at those depositions, to all documents which may be produced over the course of this civil action, and specifically to the documents presently requested by Plaintiffs."[1]

ALPA apparently concedes the legitimacy of CAL's Motion to Produce in its December 27, 1983 request, without waiving the right to assert attorney-client or work-product privilege, with regard to certain documents, since ALPA states in its Reply Brief[2] that … "the only issue in dispute is ALPA's Motion for a Protective Order, on which the Court must rule before ALPA should be required to respond to Continental's Rule 34 Request."

ALPA seeks the Protective Order under Rule 26(c) of the Federal Rules of Civil

---

**1.** ALPA Reply in Support of Emergency Cross-Motion for Stay of Discovery and for a Protective Order, p. 2.

**2.** Ibid, at p. 2.

Procedure, as to the documents, records and information requested by CAL from this particular defendant. In reviewing the Motions and Supporting Briefs of ALPA, the only specific grounds raised by pleading in support of the Protective Order is that "serious embarassment, prejudice, oppression and annoyance ... would be sustained by ALPA."[3] In its motion, ALPA asserts supportive reasons relating to defenses of the other individual defendants, defenses and arguments which ALPA is clearly unable to raise, since it has been extremely specific on the record that it is defending only its interest and not those of any of the individual defendants. The Court notes at this juncture that although the First Amended Complaint and all above-described motions have been properly and timely served on all parties defendant, ALPA is the only defendant who has made any appearance in this action, although proper notice also has been given of the May 2, 1984 hearing.

In any regard, the arguments concerning postponement of all phases of this civil action appear to now be moot. Two of the defendants herein, Hall and Earley, were indicted on felony charges relating to certain acts described in Plaintiff's First Amended Complaint. The record in this hearing and the transcript of the December 12, 1983 hearing in which Judge R.F. Wheless, Jr. entered a Protective Order, of which this Court takes notice, reveals that the reason for this December 12 Order was the Court's concern of avoiding potentially adverse pre-trial publicity that might endanger Hall and Earley's ability to have an unbiased jury and criminal trial. That concern was likewise voiced by this Court on March 1, 1984 as one of the reasons for staying all activity in this action until the completion of the Hall and Earley trials. The Court is now advised, on the record, that the Hall and Earley trials now are complete, having resulted in guilty verdicts. Other individual defendants in this action also received felony indictments for criminal acts apparently alleged to be connected with this civil matter. However, the Court was apprised at the May 2, 1984 hearing that these matters too are complete for trial purposes since pleas had been entered by the defendants in the criminal matters, with the exception of one misdemeanor matter.

This being the status, the Court is therefore of the opinion that the reasons for entering the December 12, 1983 Protective Order and for the Court's informal stay of this civil litigation are now moot.

In its Motion for a Protective Order and Related Briefs, the only bases cited by ALPA for relief sought are; (1) the delay on the criminal matters and (2) the quoted statement described above. At the hearing, no other bases or issues were raised. The record does reflect the filing of a Declaration of the Trial counsel for ALPA in this matter. The Declaration provides a chronology of the development of the matters described above, but provides no information on which to base any facts, which might support this position. Paragraph four of counsel's Declaration provides the only statement in the entire document concerning a bases of its argument for the granting of a Protective Order, this being "... ALPA filed an emergency motion for a Protective Order on the depositions on the ground that publicity surrounding the depositions would be used to harass and embarass ALPA and might prejudice criminal defendants in pending criminal cases."[4]

ALPA's motion was accompanied by no affidavits signed by this defendant. At trial, ALPA offered no evidence either oral or documentary, in support of its position.

CAL vigorously opposes ALPA's motion, arguing that ALPA has made no showing to justify the entry of a protective order.

## CONCLUSIONS

The argument concerning pending criminal matters now being moot, the Court is faced with a very narrow issue for decision,

---

3. Id., at p. 3.

4. Declaration of James L. Linsey, p. 3.

this being: Should this Court provide a Rule 26(c) protective order to ALPA restricting the distribution and dissemination of documents produced by ALPA and deposition testimony taken in this cause to the parties to this proceeding to "be used only for purposes of this proceeding and no other purpose whatsoever...",[5] under the circumstances existing in this action?

In making such a determination, the language of Rule 26(c) of the Federal Rules of Civil Procedure must be examined. In relevant part, the Rule states:

> (c) Protective Orders. Upon motion by a party, or by the person from whom discovery is sought, and for good cause shown, the Court in which the action is pending, ..., may make any order which justice requires to protect a party or person from annoyance, embarassment, oppression or undue burden or expense...

The determinative language in this instance involves whether "good cause" has been shown by ALPA in its request for a protective order. This Court finds that "good cause" has not been demonstrated by ALPA in its Motion, and that it should be denied, for the reasons described below.

It is settled that "to establish 'good cause' for a protective order under Rule 26(c), (t)he courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusary statements..." 8 Wright & Miller, Federal Practice and Procedure, Section 2035 at 265 (1970).[6] In this vein, this Court finds the rationale and holding of *In Re Halkin* [7] controlling.

*Halkin* involved an application for a protective writ of mandamus to vacate a district court order prohibiting counsel and parties from publicly disclosing information obtained through discovery. *Halkin* addressed the "good cause" criteria succinctly:

> ... Thus, in determining whether "good cause" exists to issue a restraining order limited to discovery material and to lawyers, and parties, the trial court must also require a specific showing that dissemination of the discovery materials would pose a concrete threat to an important countervailing interest.

It is clear and apparently unanimous that the party seeking the protective order bears the burden of proof.[8] In this instance, the burden would therefore be on ALPA, as the proponent.

The standard which must be met in carrying the proponent's burden, likewise, is equally clear. This Court specifically follows and adopts the *Halkin* standard. The Court holds that "an order restricting dissemination must be based on full assessment of the interest at stake, with the party seeking the restraining order bearing the burden of making a concrete and specific showing of the likelihood

---

5. Proposed Order of ALPA, appended to Declaration of James L. Linsey. This quote is the excerpted essence of the request. The full text of the relevant portion of the ALPA proposal is as follows:

> ORDERED that documents produced by defendants, and deposition testimony shall be treated by all parties as Confidential and shall be used only for purposes of this proceeding and for no other purpose whatsoever, except by leave of court upon proper motion; that no information or documents received from defendants shall be disclosed or disseminated to any person except as necessary to prepare and present the plaintiff's position in this proceeding; that documents containing any Confidential documents or information shall be filed under seal; and that all parties and others with access to confidential information shall be bound by the terms of this protective order; but that this Protective Order shall not apply to documents (1) filed by defendants with any governmental agency; (2) previously made generally available to the public by defendants ALPA; (3) obtained by the plaintiffs from sources other than defendants.

6. *In Re Halkin*, 598 F.2d 176, 193 (D.C.Cir.1979); *Reliance Insurance Co. v. Barrons*, 428 F.Supp. 200, 202–03 (S.D.N.Y.1977).

7. Ibid, at 6.

8. *Halkin*, Id, at p. 194, footnote 42, *In Re San Juan Star*, 662 F.2d 108, 155–117 (1st Cir., 1981) *Reliance Insurance Co.*, Ibid, at 6.

of harm." [9]  Further, this Court stresses that "... the mere allegation of conjectual harm is insufficient to meet the moving party's burden." [10]

 At the hearing, the Court asked if ALPA intended to put on any witnesses or would move forward with any evidence. ALPA responded in the negative, presenting only argument. The Court then recessed to Chambers to review the documents produced by ALPA *in camera.*

The Court concludes that ALPA has failed to meet its burden under the above standards, since ALPA has made no particular concrete and specific demonstration or showing of fact on which to form a bases for which relief may be granted. ALPA's mere allegations and arguments of conjectural harm do not meet the necessary burden. For these reasons, the ALPA Motion must fail and shall be denied.

The Court would observe, in summary, that "a protective order is an extraordinary device". *Matter of DeLorean Motor Company,* 31 B.R. 53, 56 (Bkrtcy.E.D.Mich. 1983). The documents of ALPA have been reviewed *in camera* by the Court, and nothing has been perceived that would warrant, from the Court's record or review, such a protective measure. Were a protective order granted each time a question bearing peripherally on the pending civil action elicited a Rule 26(c) protective response by ALPA, First Amendment privileges would be seriously curtailed.

In adopting the *Halkin* rationale and holding, the Court would note that litigation itself is a form of expression protected by the First Amendment rights, and those rights extend to discovery materials. Also, "A party's right to disseminate information is far stronger for discovery materials than for information that has been stolen or obtained in breach of contract .... a party (obtaining) documents or information through the discovery process ... can 'use that information in any way which the law permits.'" *Halkin,* at p. 189. "Good

cause" not having been shown by ALPA, the materials may be used by CAL in accordance with the above *Halkin* language, including "communicating useful information to the public", *Halkin,* at p. 187, citing *In Re Primus,* 436 U.S. 412, 413, 431, 98 S.Ct. 1893, 1895, 1904, 56 L.Ed.2d 417 (1978). An order shall be entered accordingly.

### APPENDIX

### PROTECTIVE ORDER

The Court having considered applicant's motion, it is hereby ORDERED that:

1. The parties, their counsel, their agents, employees or representatives, will not utilize any documents, books, records, writings, depositions and transcripts produced in the course of said depositions, or the depositions or transcripts themselves, for any purpose other than the preparation and conduct of the litigation of this action, except for any report to a public regulatory or law enforcement agency having jurisdiction.

2. The examination of witnesses on deposition shall be held with no one present except the reporter, the witness and his attorney or attorneys, counsel for the parties, and three designated client representatives for plaintiffs jointly and three designated client representatives for defendant, each of which is bound by the terms of this order.

3. The transcripts of said depositions shall be sealed and remain sealed until ordered to be opened by the Court.

Dated: Dec. 12, 1983

R.F. Wheless Jr.
United States Bankruptcy Judge

---

**9.** Id., at 6.

**10.** Id., at 6.